UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-Civ-60084-GAYLES
MAGISTRATE P. A. WHITE

JOSHUAH ENOCH MANCINNI,          :

    Plaintiff,               :

v.                               :        REPORT OF
                                          MAGISTRATE JUDGE
BROWARD COUNTY SHERIFF,          :

    Defendant.               :

_____

I. Introduction and Background

    Joshuah Enoch Mancinni, while confined at the Broward County Jail,[1] filed this pro se civil rights action under 42 U.S.C. §1983, alleging that Defendant Broward County Sheriff's Office ("BSO") violated his federally protected rights during his incarceration, including his rights to the free exercise of his religion, appropriate medical treatment, housing, and food. See Complaint at 3-5.

    More specifically, the plaintiff alleges in his Complaint that BSO violated his right to practice his religion when it denied him Kosher meals on the basis that he was not a Muslim. He also alleges that BSO  confiscated his holy book, the Koran, from his luggage during a search. He further contends that BSO invaded his privacy rights when it allowed a doctor to watch him while he was inside his cell and when letters mailed to his attorney were opened. Additionally, he claims he was denied proper medical treatment for acid reflux problems causing stomach pain, he was denied proper

_____

[1]After the filing of his complaint, Plaintiff was transferred to GEO Care in Florida City, where he remains confined. (DE# 12).

1

housing in that he was forced to sleep on the floor in the dining room where it was unsafe and caused him pain in his neck and shoulders, and the food provided at the jail was unhealthy and insufficient. Plaintiff seeks various forms of injunctive relief in addition to monetary damages.

The plaintiff was permitted to proceed without prepayment of the filing fee, but a debt to the Clerk of Court was established in the amount of $350.00. (DE# 13). Because the Plaintiff is subject to the provisions of §§1915 and 1915A, an initial screening of the Complaint was conducted after which the Undersigned entered a Report, first recommending Plaintiff's claims for injunctive relief be dismissed, as moot due to Plaintiff's transfer from the Broward County Jail. See Report of Magistrate Judge at 4. (DE# 14). The Undersigned further found that Plaintiff's remaining claims were overly conclusory and did not meet the requisite pleading standard. Id. at 4-5, *citing*, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 12(b)(6). It was, therefore, recommended that the Complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Id. It was recommended, however, that Plaintiff be permitted to file an amended complaint solely to bring a claim of denial of religious freedom. Id. at 5. Plaintiff filed objections to the Report, asserting that his Complaint did indeed sufficiently set forth his claims against Defendant BSO. See Response to Report of Magistrate Judge. (DE# 15).

On June 25, 2014, the Honorable James I. Cohn, United States District Judge then assigned to the instant case,[2] conducted a *de novo* review of the Complaint, the Report, Mancinni's Objections to

---

[2] This case has since been transferred to the calendar of the Honorable Darrin P. Gayles, United States District Judge. (DE# 17).

the Report. <u>See</u> Order Sustaining Objections to Report of Magistrate Judge and Re-referring Case to Magistrate Judge White. (DE# 16). The Court then determined that Plaintiff's allegations, albeit sparse, were sufficient to give BSO notice of the nature of the claims against it. <u>Id</u>. at 2. Specifically, the Order stated:

> The Complaint sets forth the timeframe of Mancinni's incarceration at the Broward County Jail during which each of his claims arose, and summarizes the factual basis for each of his claims with reasonable specificity. <u>See</u> DE 1 at 3-4. The Court finds these allegations sufficient to satisfy the applicable pleading standard, and therefore will sustain Mancinni's Objections to Judge White's recommendation that the Complaint be dismissed as conclusory. The Court notes that, although it will allow this action to proceed on the operative Complaint, it does concur with Judge White's finding that Mancinni's requests for injunctive relief against BSO are moot, given that he has been transferred out of BSO's Broward County Jail. Mancinni thus may proceed only to the extent he seeks damages.

<u>Id</u>. at 2-3. Consequently, service of process was ordered upon Defendant Broward Sheriff's Office and service was accomplished. (DE# 21-23). The defendant has responded to the Complaint by filing a Motion to Dismiss (DE# 24), which is now before this Court.

## II. <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(<i>quoting</i> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." <u>Id</u>.

When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto. <u>Alvarez v. Attorney General for Fla.</u>, 679 F.3d 1257, 1259 (11th Cir. 2012), *citing*, <u>Grossman v. Nationsbank, N.A.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000)(per curiam). Further, when considering whether dismissal is appropriate pursuant to <u>Fed.R.Civ.P.</u> 12(b)(6), the court must construe the allegations and draw all reasonable inferences in the light most favorable to the plaintiff. <u>Castro v. Sec'y of Homeland Sec.</u>, 472 F.3d 1334, 1336 (11th Cir. 2006). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Lopez v. First Union National Bank of Florida</u>, 129 F.3d 1186, 1189 (11th Cir. 1997). Under <u>Fed.R.Civ.P.</u> 10(c), "attachments are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion." <u>Solis-Ramirez v. U.S. Dep't of Justice</u>, 758 F.2d 1426, 1430 (11th Cir. 1985).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or <u>Fed.R.Civ.P.</u> 12(b)(6) or (c). <u>See Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in <u>Fed.R.Civ.P.</u> 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of

state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Haines v. Kerner, 404 U.S. 519 (1972). Despite this more liberal review, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal'" of a pro se plaintiff's complaint. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005) (citation omitted).

## III. Discussion

Defendant BSO argues in its motion to dismiss that the complaint should be dismissed, because (1) BSO is not a proper party; (2) the complaint fails to state a claim for which relief can be granted pursuant to §1983; and (3) the portions of the Complaint should be stricken under Fed.R.Civ.P. 12(f) as immaterial, impertinent and inflammatory. See Defendant Broward County Sheriff's Office's Motion to Dismiss Complaint. (DE# 24).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(per curiam)(citation omitted);

Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010)(per curiam)(citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in §1983 cases." Rodriquez v. Secretary, Department of Corr., 508 F.3d 611, 625 (11th Cir. 2007)(*quoting* Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. §1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995)(per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under 42 U.S.C. §1983.

Defendant BSO is not entitled to dismissal of the Complaint based upon its arguments that it is not a proper party and that the Complaint fails to state a claim for relief under §1983. *Monell* provides that while "a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents," it may nonetheless be responsible under §1983 when the "execution of a government's policy or custom ... inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). Thus, the Sheriff's Office can be held liable for injuries inflicted by individual jail officers under §1983 if it was a departmental policy or custom that caused the officers to engage in the alleged offensive conduct. Id.

While this Court has recognized that Plaintiff's allegations of constitutional violations, such as the First and Fourteenth

Amendments,[3] are indeed "sparse," this Court has also expressly found that the allegations of the Complaint are sufficient to satisfy the pleading standard with regard to the sole named defendant. <u>See</u> Order Sustaining Objections to Report of Magistrate Judge and Re-referring Case to Magistrate Judge White at 2-3. (DE# 16). As indicated above, when reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court applies the standard of review set forth in <u>Fed.R.Civ.P.</u> 12(b)(6). <u>See</u> <u>Mitchell</u>, 112 F.3d at 1490. The Court accepts as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom which is the same on screening as it is when disposing of a defendant's motion to dismiss. <u>Id</u>. Although Plaintiff may not ultimately prevail in this action, the case should go forward, at least until the summary judgment stage.

Within BSO's motion to dismiss is a motion to strike portions of the Complaint and Plaintiff's objections to the Undersigned's earlier Report pursuant to <u>Fed.R.Civ.P.</u> 12(f). <u>See</u> Motion to Dismiss at 6. In particular, that motion to strike is directed at Plaintiff's allegations that Defendant is engaged in criminal and unethical activities.

---

[3]For example, a jail should accommodate an inmate's religious dietary restrictions, subject to budgetary and logistical limitations, when the belief is "truly held." <u>Martinelli v. Dugger</u>, 817 F.2d 1499, 1504-06, 1508 (11th Cir. 1987). Because Plaintiff was a pretrial detainee at the time of the events at issue, his claim of denial of deliberate indifference to his  medical needs and/or complaints about the food provided and housing conditions fall under the Fourteenth Amendment standard, applicable to pretrial detainees, rather than the Eighth Amendment standard, applicable to prisoners. The two standards are the same, however. <u>See generally</u> <u>Youmans v. Gagnon</u>, 626 F.3d 557, 563 n.6 (11th Cir. 2010)("The Fourteenth Amendment governs claims of medical indifference to the needs of pretrial detainees[,] while the Eighth Amendment applies to claims of convicted prisoners. Because the minimum standard for providing medical care to pretrial detainees is the same as the standard for providing medical care to convicted prisoners under the Eighth Amendment, ... cases decided under either amendment [are considered precedential]." (internal citations omitted)). <u>See also</u> <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001)(en banc ); <u>Lancaster v. Monroe County</u>, 116 F.3d 1419, 1425 (11th Cir. 1997).

Under <u>Fed.R.Civ.P.</u> 12(f), the "court may strike from a pleading an insufficient or any redundant, immaterial, impertinent, or scandalous matter." However, "[p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts...It is a drastic remedy to be resorted to only when required for the purposes of justice...The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." <u>Augustus v. Board of Public Instruction of Escambia County, Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962)[4](*quoting* <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819, 822 (6th Cir. 1953)). <u>See also</u> <u>Garcia v. Chapman</u>, 911 F.Supp.2d 1222, 1244 (S.D.Fla. 2012)("Rule 12(f) motions to strike ... are not favored, often being considered purely cosmetic or 'time wasters,' "and are regularly "denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." (*quoting* 5C Charles Alan Wright, et al., *Fed. Prac. & Proc. Civ.* §1382 (3d ed.2007)).

Although a request to strike a pleading is generally denied, Plaintiff's allegations in this case that BSO is engaging in criminal activity are wholly unrelated to the cause before this Court and appear to contribute nothing necessary to the resolution of the claims raised herein. Further, the allegations are indeed inflammatory and prejudicial. Consequently, those allegations should be stricken from Plaintiff's pleadings, as sought by the

---

[4]The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding in the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc).

defendant.

The Undersigned notes that by pleading submitted to this Court on July 17, 2014, Plaintiff sought a sixty to ninety-day stay of all proceedings in this case to permit him time to retain private counsel to represent him in this civil rights action. See Plaintiff Motion to Hold all Court Proceedings Pending Hiring an Attorney. (DE# 18). The motion was granted by Order entered on July 25, 2014, to the extent that the proceedings were halted for a sixty-day period. See Order entered on July 25, 2014, at 1. (DE# 20). Plaintiff was expressly advised that if he did not retain counsel within this allotted time period, he would be required to actively litigate this action pro se or seek dismissal of the case. Id. The stay expired on September 23, 2014.

Review of the Court docket reveals that no notice of appearance has been filed by any counsel on behalf of the Plaintiff. See generally, Docket. It, thus, seems that Plaintiff is litigating this action pro se. The Plaintiff has filed nothing in this action pro se since July 17, 2014, when he filed his motion to stay and unrelated motion. See DE# 18, 19 As Plaintiff was advised at the outset of this case, it is his responsibility to actively pursue this case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all scheduling orders and prepare the case for trial. See Order of Instructions to Pro Se Civil Rights Litigants at ¶11. (DE# 5). The plaintiff is again reminded that his failure to actively litigate this case will probably result in dismissal of the case for lack of prosecution. Id.

## IV. Recommendations

Based upon the foregoing, it is recommended that Defendant

Broward County Sheriff's Office's motion to dismiss (DE# 24) be DENIED as to the dismissal of the complaint, but granted solely to strike the plaintiff's allegations contained in the complaint that the defendant is "violating and breaking the law" and engaging in "illegal action,"[5] and statements contained in Plaintiff's objections that the defendant is engaging in "illegal activities" and "unethical activities."[6]

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 21st day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Joshuah Enoch Mancinni, Pro Se
     Jail# 501303479
     GEO Care Inc.
     18680 SW 376th Street
     Florida City, FL 33034

     Alan David Danz, Esq.
     Danz & Kronengold, P.L.
     10620 Griffin Road
     Suite 201
     Cooper City, FL 33328

---

[5] See DE# 1 at 3.

[6] See DE# 15 at 4.

10