UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60084-CIV-GAYLES/White

JOSHUAH ENOCH MANCINNI,

    Plaintiff,
vs.

BROWARD COUNTY SHERIFF,

    Defendant.
    _____/

## ORDER

**THIS CAUSE** came before the Court upon Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 29]. On January 14, 2014, Plaintiff, Joshuah Enoch Mancinni, filed a *pro se* civil rights Complaint [ECF No. 1], pursuant to 42 U.S.C. § 1983. The Clerk referred the Complaint to Magistrate Judge White under Administrative Order 2003-19 and 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on any dispositive matters. (*See* [ECF No. 3]). After a preliminary review, the Court permitted Plaintiff to proceed and ordered service of process on Defendant Broward Sheriff's Office ("BSO"). Defendant filed a Motion to Dismiss [ECF NO. 24] asserting BSO is not a proper party. In his Report, Magistrate Judge White recommends that the Court deny the Motion to Dismiss. Defendant filed objections to the Report arguing again that BSO is not a proper party to this action [ECF No. 27]. The Court then directed Defendant to identify the proper party. Defendant responded that Scott Israel, in his official capacity as Sheriff of Broward County, Florida, is the proper defendant.

In his Report, Magistrate Judge White focuses on the legal premise that a local government may in some situations be sued under § 1983 if the governmental entity had a policy or custom that caused the officers to engage in the alleged offensive conduct and that, therefore, Defendant was not entitled to dismissal of the Complaint. However, "Broward County Sheriff" is not a legal entity capable of being sued. *See Williams v. Miami-Dade Police Department,* 297 Fed. Appx. 942, 945 (11th Cir. 2008). This alone mandates dismissal without prejudice. Based thereon, is

**ORDERED AND ADJUDGED** that the Report [ECF No. 29] is **ADOPTED in part and NOT ADOPTED in part**.[1] It is further

**ORDERED AND ADJUDGED** that the Motion to Dismiss [ECF No. 24] is GRANTED. The Complaint is DISMISSED without prejudice. Plaintiff shall have thirty (30) days from the date of this Order to amend his complaint to name the proper defendant, Scott Israel, in his official capacity as Sheriff of Broward County, Florida. It is further

**ORDERED AND ADJUDGED** that this case is CLOSED for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of February, 2015.

_____
Honorable Darrin P. Gayles
United States District Judge

---

[1] The Court otherwise agrees with Magistrate Judge White's analysis and conclusions.